UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **JONATHAN LEE JACKSON**, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 20-cv-0938 (TSC) |
| **SECRETARY OF DEPARTMENT OF NAVY**, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION**

Plaintiff Jonathan Lee Jackson moves to supplement the administrative record for a lawsuit he brought under the Administrative Procedures Act. ECF No. 16. Defendant, the Secretary of the Department of Navy, consents to adding two of the four items Plaintiff requested to add to the administrative record and has filed a supplemental record with those two items included. ECF No. 17. Defendant opposes Plaintiff's request as to the other two items. ECF No. 18. For reasons explained below, the court will GRANT in part and DENY in part Plaintiff's motion.

### I. BACKGROUND

Plaintiff serves on active duty in the U.S. Navy. ECF No. 1, Compl. ¶ 1. He alleges that in 2018 the Secretary of Navy removed him from a promotions list, an action that was arbitrary and capricious in violation of the Administrative Procedures Act ("APA"). *Id.* ¶¶ 32-41. Plaintiff also challenges the Board for Correction of Naval Records' ("BCNR") denial of his request to remove from his record certain documents pertaining to a 2011 incident in which Plaintiff was accused of violating the Navy's sexual harassment policy and of conduct unbecoming of an officer. *Id.* ¶¶ 13-31, 42-61. Plaintiff alleges that BCNR's initial decision in

2015, a second reconsideration decision in 2017, and a third reconsideration decision in 2020 were also arbitrary and capricious in violation of the APA.  *Id.* ¶ 63.

On September 21, 2020, Defendant submitted a certified list of the contents of the administrative record.  ECF No. 10, Admin. Rec. ("AR").  On November 5, 2020, Defendant filed a motion for summary judgment, ECF No. 12, and on December 3, 2020, Plaintiff filed a cross motion for summary judgment, ECF No. 14.  On December 7, 2020, Plaintiff moved to supplement the administrative record with four items.  ECF No. 16, Pl.'s Revised Mot. to Suppl. the Record ("Pl. Mot.").  Defendant consented to supplementing the record with two of the four items, and on December 21, 2020, Defendant filed an amended certified list of the administrative record adding those items.  ECF No. 17, Amended AR.  But Defendant opposes supplementing the administrative record with the other two items.

The first item in dispute is an email that Plaintiff's counsel sent to the BCNR Deputy Director on March 19, 2020, in which he asked about the BCNR's 2020 decision and a letter that the Deputy Director sent to Plaintiff on March 6, 2020.  Pl. Mot. at 2.  Specifically, Plaintiff's counsel asked whether the BCNR voting members signed off on the March 6 letter.  Plaintiff's counsel did not receive an answer to his March 19 email.  *See* Pl. Mot. at 2; Def. Opp'n at 3.  Plaintiff argues that the BCNR's failure to reply to the email "strongly suggests" that the BCNR voting members did not approve the March 6, 2020 letter, which "is information that the court ought to have."  Pl. Mot. at 2.  Defendant argues that Plaintiff's counsel's email, sent after the challenged agency action, does not contain any information that might enlighten the court about the BCNR's decision.  Def. Opp'n at 3.

The second disputed item is a hotline complaint that Plaintiff filed with the Department of Defense Inspector General ("DODIG") in 2018.  Plaintiff contends that the BCNR's 2020

2

reconsideration decision rested in part on their belief that Plaintiff failed to exhaust his administrative remedies, and that his DODIG hotline complaint rebuts that presumption. Pl. Mot. at 3. Defendant contends that the BCNR's 2020 decision did not rely on an exhaustion theory to deny relief and that there is no other justification for adding the complaint to the record. Def. Opp'n at 4-5.

## II.     LEGAL STANDARD

The APA directs courts to review administrative actions based on "the full administrative record that was before the [agency] at the time [of its] decision." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). The agency "bear[s] the responsibility of compiling the administrative record, which must include all of the information that the agency considered 'either directly or indirectly.'" *Univ. of Colo. Mem'l Hosp. v. Burwell*, 151 F. Supp. 3d 1, 12 (D.D.C. 2015) (quoting *Marcum v. Salazar*, 751 F. Supp. 2d 74, 78 (D.D.C. 2010)). Generally, "judicial review of an administrative decision should turn on what was before the agency when it acted—nothing more and nothing less." *Ctr. for Biological Diversity v. U.S. Army Corps of Engineers*, No. 20-CV-103 (RDM), 2020 WL 5642287, at *10 (D.D.C. Sept. 22, 2020) (citing *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984). "Courts grant motions to supplement the administrative record only in exceptional cases." *Fund for Animals v. Williams*, 391 F. Supp. 2d 191, 197 (D.D.C. 2005).

When, as here, a party seeks to add materials to the record that it does not contend the agency actually reviewed, courts only permit the addition of such extra-record evidence in three "unusual circumstances." *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008). These are: (1) when "the agency 'deliberately or negligently excluded documents that may have

3

been adverse to its decision,'" (2) when "background information [is] needed 'to determine whether the agency considered all the relevant factors,'" and (3) when "the 'agency failed to explain administrative action so as to frustrate judicial review.'" *City of Dania Beach v. F.A.A.*, 628 F.3d 581, 590 (D.C. Cir. 2010) (quoting *Am. Wildlands*, 530 F.3d at 1002).

### III.   ANALYSIS

**A. <u>Unopposed Request to Add Prior BCNR Decisions and September 8, 2015 Letter</u>**

Defendant consents to the addition of two of the four items that Plaintiff moves to add to the administrative record.  Indeed, Defendant has already submitted an Amended Administrative Record adding those two items: (1) the BCNR's 2015 initial decision and its 2017 second reconsideration decision; and (2) the September 8, 2015, letter to the Navy General Litigation Division.  *See* Amended AR.  An agency is entitled to a "strong presumption of regularity[ ] that it properly designated the administrative record." *Pac. Shores Subdivision Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006).  Accordingly, the court will grant Plaintiff's request as to these two items.

**B. <u>Plaintiff's Counsel's March 19, 2020 Email</u>**

Plaintiff argues that all three of the *Dania Beach* "unusual circumstance" factors apply to warrant addition of his counsel's March 19 email to the administrative record.  The court disagrees.

Plaintiff has not established that any of the *Dania Beach* circumstances apply.  The first, that the agency deliberately excluded potentially adverse documents, does not apply because Plaintiff's counsel wrote and sent the March 19 email after the BCNR made its adverse decision, on March 6, 2020.  A "document produced after the agency made its decision could not have been negligently or intentionally withheld by the agency when compiling the administrative

record." *Ctr. for Biological Diversity*, 2020 WL 5642287, at *10 (citing *Kent County v. EPA*, 963 F.2d 391 (D.C. Cir. 1992)). With regard to the second circumstance, while the email indicates what questions were on counsel's mind after the BCNR's decision, the email does not contain any "background information" to which to the court could look to "determine whether the agency considered all the relevant factors," *City of Dania Beach*, 628 F.3d at 590, and the agency did not reply to the email. And as to the third circumstance, Plaintiff fails to explain how the record is "entirely bare" to the point of frustrating judicial review, let alone how his counsel's unanswered email, sent after the BCNR decision, would cure such a defect. *Ctr. for Biological Diversity*, 2020 WL 5642287, at *15. Consequently, the court will deny Plaintiff's request to supplement the administrative record with his counsel's March 19, 2020 email.

### C. DODIG Hotline Documents

Plaintiff argues that the BCNR's 2020 reconsideration decision rested in part on the BCNR's assumption that he failed to exhaust a remedy available from the DODIG, and that he should be permitted to rebut this false assumption by supplementing the record with his 2018 DODIG hotline complaint. Defendant counters that the BCNR's decision was not based on Plaintiff's failure to exhaust, but rather, on BCNR's determination that "the evidence [Plaintiff] provided was insufficient to show that there was not credible information in [his] case." Def. Opp'n at 5 (citing AR at 4). Defendant also argues that, in any event, none of the *Dania Beach* circumstances apply to warrant addition of the extra-record evidence.

First, Plaintiff fails to the show that the BCNR "deliberately or negligently excluded" his DODIG hotline complaint from the record. To do so, Plaintiff needs to make a "strong showing of agency bad faith." *Dist. Hosp. Partners, L.P. v. Burwell*, 786 F.3d 46, 55 (D.C. Cir. 2015) (cleaned up). Plaintiff made his DODIG hotline complaint in 2018 and could have proffered the

complaint to the BCNR before it reached its 2020 decision.  His failure to do so cannot support a finding that the BCNR "deliberately or negligently" excluded the complaint.  *See Theodore Roosevelt Conservation P'ship v. Salazar*, 616 F.3d 497, 515 (D.C. Cir. 2010) (holding that district court properly declined to consider a draft Environmental Impact Statement because the challenger "had ample opportunity to seek to introduce the evidence before [the agency], but they did not").

As to the second *Dania Beach* circumstance, there is a distinction between collecting background information, which should be "merely explanatory of the original record," *Env't Def. Fund, Inc. v. Costle*, 657 F.2d 275, 285 (D.C. Cir. 1981), and new material meant to test the merits of the agency's decision.  *See Tindal v. McHugh*, 945 F. Supp. 2d 111, 127 (D.D.C. 2013) (noting that "background information" is "generally supposed to come from those who participated in the pertinent agency actions, not from third parties") (quotations and citations omitted).  As the D.C. Circuit has explained, a court may "venture outside the record" to gather "background information," but it "can never" venture outside the record to "examine the propriety of the decision itself." *Env't Def. Fund, Inc.*, 657 F.2d at 286.  Plaintiff does not argue that the hotline complaint is pertinent background information that the court needs to determine whether the BCNR considered all relevant factors.  Instead, he argues only that the hotline complaint is relevant to determining whether the BCNR's decision "is supported by substantial evidence, arbitrary and capricious, or an abuse of discretion."  Pl. Mot. at 4.  Because Plaintiff seeks to add the hotline complaint to challenge the merits of the BCNR's decision, and not to add information that explains the original record, the court finds that the second *Dania Beach* factor does not justify supplementing the record.  *See Deripaska v. Mnuchin*, No. 19-CV-00727 (APM),

2020 WL 7828783, at *5 (D.D.C. Dec. 29, 2020) (refusing to supplement the record with evidence meant to challenge the soundness of the agency's action).

Finally, Plaintiff again does not show that the record is "entirely bare" to the point of frustrating judicial review, so the third *Dania Beach* circumstance does not apply. *See Ctr. for Biological Diversity*, 2020 WL 5642287, at *15. *See also Camp v. Pitts*, 411 U.S. 138, 143 (1973) (where the record contains a "contemporaneous explanation of the agency decision"—even a "curt" one—the action must "stand or fall on the propriety of the finding").

Ultimately, Plaintiff's request to supplement the record with his DODIG hotline complaint does not fall under any of the three recognized exceptions for supplementation of the administrative record, and the court denies his request.

## IV.   CONCLUSION

For the reasons explained above, the court will GRANT in part and DENY in part the Plaintiff's motion to supplement the administrative record. The court will GRANT Plaintiff's motion with regards to the two uncontested items that Defendant has already added to the Amended Administrative Record. The court will DENY Plaintiff's motion to supplement the record with his counsel's March 19, 2020 email, and his 2018 DODIG hotline complaint.

Date:  September 30, 2021

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

7